JUDGE CROTTY

# 13 CIV 6790

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
COUNTY OF ORANGE,                                  :
:          Case No.
            Plaintiff,            :
:
        v.                    :
:
THE TRAVELERS INDEMNITY COMPANY,      :          **NOTICE OF REMOVAL**
:
            Defendant.          :
:
:
:
---------------------------------------------------------------- x

RECEIVED
SEP 2 5 2013
U.S.D.C. S.D. N.Y.
CASHIERS

Pursuant to 28 U.S.C. § 1446(a), Defendant The Travelers Indemnity Company

("Travelers") files this Notice to remove the above-captioned case to this Court and, in support

of removal, respectfully states as follows:

1.      Travelers is the defendant in a civil action filed on or about August 26, 2013 in

the Supreme Court of the State of New York for the County of Orange, styled County of Orange

v. The Travelers Indemnity Company, Index No. 007187/2013 (the "State Court Action").

2.      On or about August 30, 2013, the Summons and Verified Complaint were served

on Travelers.  This Notice is thus timely filed within thirty days of service, pursuant to 28 U.S.C.

§ 1446(b).

3.      The Plaintiff, County of Orange, a municipal corporation, is incorporated under

the laws of the State of New York, with its principal offices at 255 Main Street, Goshen, New

York.

4.      Defendant, The Travelers Indemnity Company, is an insurance company

organized and incorporated under the laws of Connecticut, with its principal place of business in

Hartford, Connecticut.

12479337-v1

5.      The State Court Action asserts a claim for breach of contract, including breach of the covenant of good faith and fair dealing, under an insurance policy issued by Travelers to the Plaintiff. (Complaint, ¶¶ 3-49.) The Complaint alleges that Travelers is obligated to pay the Plaintiff for alleged property damage arising from Hurricane Irene and Tropical Storm Lee and has not done so. (*Id.* at ¶¶ 11-12.)

6.      The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. The Complaint alleges damages not less "than $412,350.41." (*Id.*, ¶¶ 37, 49, Prayer for Relief.)

7.      Removal of this action is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332(a). Plaintiff and Defendant are diverse in citizenship because Plaintiff is a citizen of New York and Defendant is a citizen of Connecticut. The amount in controversy exceeds $75,000, exclusive of interest and costs. The state court in which the State Action was brought is located within the Southern District of New York.

8.      The State Court Action does not fall within any class of actions which, under applicable rules, laws, or statutes, is prevented from or limited in the right of removal.

9.      Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal will be given to all parties in the State Court Action by filing a Notice To Supreme Court Of Removal, along with a copy of this Notice Of Removal, in the State Court Action and by service upon Plaintiff in accordance with applicable rules.

10.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders in the possession of Travelers are attached hereto as <u>Exhibit A</u>.

11.     Travelers reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, the Defendant, The Travelers Indemnity Company, hereby removes this action from the Supreme Court of the State of New York to this Court.

Dated: Hartford, Connecticut
       September 25, 2013

ROBINSON & COLE LLP

By: _____

Gerald P. Dwyer, Jr. (GD0329)
280 Trumbull Street
Hartford, CT 06103
Email: gdwyer@rc.com
(860) 275-8200
*Attorneys for Defendant*
*The Travelers Indemnity Company*

## INDEX OF DOCUMENTS
## FILED IN STATE COURT

| Tab | Document | Filing Date |
|-----|----------|-------------|
| 1 | Summons and Complaint | 08/26/13 |

# EXHIBIT 1



NEW YORK STATE
DEPARTMENT *of*
FINANCIAL SERVICES

| | |
|---|---|
| Andrew M. Cuomo | Benjamin M. Lawsky |
| Governor | Superintendent |

STATE OF NEW YORK

Supreme Court, County of ORANGE

2013 007187

County of Orange                                     Plaintiff(s)

against

Defendant(s)

Travelers Indemnity Company

RE : Travelers Indemnity Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint in the above entitled action on August 30, 2013 at Albany, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

Derek J. Rolo, Esq.
David L. Darwin, Esq.
255 Main Street
Goshen, New York 10924

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

Corporation Service Company
Travelers Indemnity Company
80 State Street
Albany, New York 12207-2543

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, August 30, 2013
533689

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

**2013   007187**

------------------------------------------------------------x

COUNTY OF ORANGE,

Index No.:

                          Plaintiff,

Plaintiff designates
Orange County as the
place of trial

      -against-

The basis of venue is
Plaintiff's place of
business

THE TRAVELERS INDEMNITY COMPANY,

Supt of INS.                              Defendant.

**SUMMONS**

Plaintiff resides at
255 Main Street
Goshen, NY 10924
County of Orange

------------------------------------------------------------x

To the above named Defendant:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve
a copy of your answer, or if the complaint is not served with this summons, to serve a notice of
appearance on plaintiff's attorney(s) within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: August 23, 2013

Derek J. Rolo, Esq.
ASSISTANT COUNTY ATTORNEY TO
David L. Darwin, Esq.
COUNTY ATTORNEY
Attorney for Plaintiff
County of Orange
255 Main Street
Goshen, New York 10924
(845) 291-3150

FILED
ORANGE COUNTY CLERK
2013 AUG 26   P D 2: 4

Defendant's Address:

The Travelers Indemnity Company
One Tower Square
Hartford, Connecticut 06183

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------x
COUNTY OF ORANGE,                                Index No.

                    Plaintiff,      **VERIFIED COMPLAINT**

      -against-

THE TRAVELERS INDEMNITY COMPANY,       **2013  007187**

               Defendant.

----------------------------------------------------------------x

      Plaintiff, the County of Orange (hereinafter "County" or "Plaintiff"), by and

through its attorney, David L. Darwin, County Attorney of the County of Orange, as and

for its complaint herein, alleges as follows:

<u>THE PARTIES</u>

      1.    Plaintiff is a municipal corporation duly organized and existing by virtue

of the laws of the State of New York with its principal offices located at 255 Main Street,

Goshen in the State of New York.

      2.    Upon information and belief, Defendant The Travelers Indemnity

Company (hereinafter "Travelers" or "Defendant") is a foreign corporation organized and

existing under the laws of the State of Connecticut and duly licensed to conduct business

in the State of New York and with its principal place of business at One Tower Square,

City of Hartford in the State of Connecticut.

<u>BACKGROUND</u>

      3.    That on or around September 19, 2011, Travelers issued its policy of

insurance, Policy No. KTK-CMB-545D931-4-11 (hereinafter "Policy"), wherein and

whereby Travelers, in consideration of a premium, paid by the County to Travelers, did

contract to insure all County owned properties and personal property contained therein against all loss or damage caused by, among other things, wind and water, up to an amount not exceeding $5,000,000.00, for a term of twelve (12) months from August 1, 2011 to August 1, 2012.

    4.    On or about August 28, 2011 and September 8, 2011, and within the period covered by the Policy, County owned properties located at 99 Main Street, Goshen, New York 10924 ("99 Main"), 101 Main Street, Goshen, New York 10924 ("101 Main"), 124 Main Street, Goshen, New York 10924 ("124 Main"), and 500 Dunn Road, Montgomery, New York 12549 ("500 Dunn")(hereinafter collectively referred to as "Properties"), were significantly damaged as a result of Hurricane Irene and Tropical Storm Lee.

    5.    Each of the damaged Properties were covered under the Policy.

    6.    As a result of Hurricane Irene and Tropical Storm Lee, the Properties sustained significant internal and external damage, as well as costs and expenses in preventing additional damage to the Properties.

    7.    The losses and damages to the Properties were proximately caused by Hurricane Irene and Tropical Storm Lee.

    8.    The losses and damages to the Properties were covered events under the Policy.

    9.    On or around August 29, 2011, the County notified Travelers of the losses proximately caused by Hurricane Irene and subsequently notified Travelers on September 9, 2011 of the losses proximately caused by Tropical Storm Lee.  Said notifications were

within the time period required under the Policy and in accordance with the requirements of making a claim under the Policy.

10.    Thereafter, the County complied with the terms of the Policy and filed claims for payment thereunder (hereinafter "Claims").

11.    The County gave Travelers due notice of said damages and losses and the commencement of this action is in accordance with the terms and conditions of the Policy.

12.    On or about September 28, 2011, the County was notified by Bill Haneline, Executive General Adjuster for Travelers, that the County's losses were not covered under the Policy.

13.    Travelers' denial of the County's claims was without basis in fact and was predetermined before an investigation into the Claims could be made for the purposes of delaying and denying payment to the County.

14.    Travelers sought to prevent performance of the contract and to withhold its benefits from the County before it was able to conduct an investigation into the validity of the Claims.

15.    During the course of Travelers' adjustment of the damages to the Properties, the County submitted to Travelers "Loss Valuations" for the Properties at the time of loss:

    a.    Replacement Cost Value was $462,318.16;

    b.    Recoverable Depreciation was $49,967.75;

    c.    Actual Cash Value was $412,350.41.

16.     The Actual Cash Value of the Properties was calculated by estimating each Properties' Replacement Cost and then by applying a depreciation factor, which is known as Recoverable Depreciation.

17.     The Claims were for the Actual Cash Value of the Properties: $412,350.41 less the deductible for each affected property.

18.     Between November 2011 and June 2012, the County, by and through its representatives and agents, made numerous written and oral requests for a formal denial setting forth Travelers' basis for its denial of the Claims.

19.     Between November 2011 and June 2012, Travelers, through its representatives and agents, repeatedly assured the County that it would follow up with its investigation into the Claims and issue a formal denial thereof.

20.     On June 22, 2012, Travelers issued two letters denying the Claims.

21.     With the exception of the damages caused to the basement of 124 Main, Travelers' basis of denial for each affected property was identical despite the fact that each affected parcel was located in a different locality and each affected parcel sustained different damages.

22.     Travelers failed to conduct a thorough investigation of each affected property.

23.     Travelers' denial of the Claims was based on its erroneous and wrongful application of several inapplicable exclusions contained in the Policy.

24.     The damages and losses sustained on the Properties did not occur from any of the causes excepted in the Policy.

25. The County has filed proofs of loss sworn to on April 3, 2013 for each affected property in accordance with the terms and provisions of the Policy.

26. The County has performed all the conditions of the Policy on its part to be performed.

### AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

27. The allegations of all previous paragraphs are realleged and incorporated as though fully set forth herein.

28. On or about August 28, 2011 and September 8, 2011, when the Policy was in full force and effect, the County sustained substantial losses covered under the Policy as a result of damages caused by Hurricane Irene and Tropical Storm Lee.

29. Thereafter, the County timely submitted the Claims to Travelers seeking to be indemnified for the damages sustained to the Properties by virtue of the loss.

30. In the handling of the Claims, Travelers has breached its duty of good faith and fair dealing owed to the County by failing to objectively and thoroughly investigate the Claims, by unreasonably delaying the adjustment and payment of the Claims, and by willfully and in bad faith ignoring the clear language of the Policy's provisions so as to fail to adjust and settle the Claims in a timely and just manner.

31. The County has complied with all of the conditions precedent to payment set forth in the Policy.

32. Travelers has failed and refused to indemnify the County for the damages sustained and claimed to the Properties, despite the fact that same has been duly demanded.

33. Travelers' failure to indemnify the County for the damages sustained as the result of the loss constitutes a breach of contract.

34. As a result of Travelers' breach of the contract, the County has sustained compensatory damages.

35. In addition to these compensatory damages, the County has incurred, and continues to incur, consequential damages as a direct result of Travelers' breach.

36. The aforementioned consequential damages were reasonably foreseeable by Travelers at the time the Policy was issued to the County.

37. As a result of Travelers' breach of contract, the County has been damaged in the sum of at least Four-Hundred Twelve-Thousand, Three Hundred Fifty and 41/100 Dollars $412,350.41).

AS AND FOR A SECOND CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing)

38. The allegations of all previous paragraphs are realleged and incorporated as though fully set forth herein.

39. The Policy contains an implied covenant of good faith and fair dealing.

40. The covenant of good faith and fair dealing in the Policy imposed on Travelers a duty to have acted, with respect to the County, in accordance with standards of honesty and in a manner faithful to its obligations.

41. In the handling of the Claims, Travelers has breached its duty of good faith and fair dealing owed to the County in the following respects, among others:

    a. By failing to objectively and thoroughly investigate the Claims;

    b. By initially denying the Claims before it was able to conduct an investigation thereof;

c.     By willfully, recklessly and/or intentionally delaying the adjustment of the Claims, and failing to provide the County with monies due under the policy in a timely manner;

d.     By willfully and in bad faith ignoring the clear language of the policy provisions and the factual circumstances so as to fail to adjust and settle the Claims in a timely and just manner; and

e.     By unreasonably delaying the adjustment and payment of the Claims.

42.     Traveler's denial of the Claims are wholly without any basis in fact.

43.     The County has complied with all of the conditions precedent to payment set forth in the policy of insurance.

44.     As a result of Travelers' breach of its duty of good faith and fair dealing and unnecessary delays in processing the Claims, the County has been required to move its staff and employees from the Properties and relocate.

45.     That as a result of Traveler's breach of its duty of good faith and fair dealing, the County has been required to incur unnecessary expenses in moving its offices and in relocating its staff and employees.

46.     As a result of Traveler's breach of its duty of good faith and fair dealing, the County has sustained compensatory damages.

47.     In addition to these compensatory damages, the County has incurred, and continues to incur, consequential damages as a direct result of Traveler's breach of the implied covenant of good faith and fair dealing.

48.     The aforementioned consequential damages were reasonably foreseeable by Travelers at the time its policy was issued to the County.

49.     As a result of Traveler's breach of its duty of good faith and fair dealing, the County has been damaged in the sum of at least Four-Hundred Twelve-Thousand, Three Hundred Fifty and 41/100 Dollars ($412,350.41), together with consequential damages in an amount to be determined at the trial of this action.

WHEREFORE, plaintiff, the County of Orange demands judgment against defendant. The Travelers Indemnity Company as follows: (1) on its First Cause of Action for breach of contract in an amount to be proven at trial but in no event less than Four-Hundred Twelve-Thousand, Three Hundred Fifty and 41/100 Dollars ($412,350.41) together with consequential damages in an amount to be proven at trial by the trier of fact; (2) on its Second Cause of Action for breach of the covenant of good faith and fair dealing together with consequential damages in an amount to be proven at trial by the trier of fact; and (3) for such other and further relief as to this Court may seem just and proper, together with the costs, disbursements and attorneys' fees of this action.

Dated: Goshen, New York
       August 23, 2013

Derek J. Rolo, Esq.
ASSISTANT COUNTY ATTORNEY To
David L. Darwin, Esq.
COUNTY ATTORNEY
Attorney for Plaintiff
County of Orange
255 Main Street
Goshen, New York 10924
(845) 291-3150

NEW YORK STATE
DEPARTMENT *of* FINANCIAL SERVICES
ONE COMMERCE PLAZA
ALBANY, NY 12257

neopost
09/03/2013
US POSTAGE

FIRST-CLASS MAIL
$01.32

ZIP 12257
041L 12202455

Corporation Service Company
Travelers Indemnity Company
80 State Street
Albany NY 122072543