UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

COUNTY OF ORANGE,

                Plaintiff,                      13-cv-06790 (NSR)
   -against-                                   OPINION AND ORDER

THE TRAVELERS INDEMNITY COMPANY,

                Defendant.
-----------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

    The County of Orange ("Plaintiff" or the "County") brings this case against The Travelers Indemnity Company ("Defendant" or "Travelers") for breach of contract and breach of the covenant of good faith and fair dealing in connection with insurance claims that were submitted following damage to properties owned by the County incurred due to Hurricane Irene and Tropical Storm Lee in 2011. Before the Court is Defendant's partial motion to dismiss. For the following reasons, Defendant's motion is GRANTED.

### I. Facts

    The following facts are taken from the Complaint and are accepted as true for purposes of this motion. The County and Travelers entered into a contract whereby Travelers issued an insurance policy, Policy No. KTK-CMB-545D931-4-11 (the "Policy"), to the County for all properties owned by the County and all personal property located on such properties. Complaint ("Compl.") ¶ 3. The Policy covered loss due to wind and water, *inter alia*, up to an amount of $5,000,000 from August 1, 2011 through August 1, 2012. *Id.* On August 28, 2011 and September 8, 2011, two storms, Hurricane Irene and Tropical Storm Lee, caused significant damage to four properties owned by the County: (1) 99 Main Street, Goshen, NY 10924; (2) 101 Main Street,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/2014

1

Goshen, NY 10924; (3) 124 Main Street, Goshen, NY 10924; and (4) 500 Dunn Road, Montgomery, NY 12549. *Id*. ¶ 4. The actual cash value of the losses sustained is $412,350.41, according to Plaintiff. *Id*. ¶ 15.

The County notified Travelers of the damage caused by Hurricane Irene on August 29, 2011 and of the damage caused by Tropical Storm Lee on September 9, 2011. *Id*. ¶ 9. The County filed claims under the terms of the Policy. *Id*. ¶ 10. On September 28, 2011, Bill Haneline, Executive General Adjuster for Travelers, notified the County that the losses sustained at the four properties were not covered under the Policy. *Id*. ¶ 12. Plaintiff claims that Travelers did not conduct an investigation before denying the claim. *Id*. ¶ 13. Plaintiff requested a formal denial of the claims made, and on June 22, 2012, Travelers provided two letters that denied the claims. *Id*. ¶ 20. Plaintiff states that the denials were all identical, other than with respect to damages caused in the basement of 124 Main Street, even though each location sustained different damages. *Id*. ¶ 21.

**II.     Legal Standard**

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). This "plausibility standard" is guided by two working principles. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this tenet does not apply to legal conclusions. *Twombly*, 550 U.S. at 555. Therefore, mere recitals of the elements of a cause of action, supported only by conclusory

statements, are not sufficient. *Id*. at 555; *Harris,* 572 F.3d at 72. Second, in order to survive a motion to dismiss, a complaint must state a "plausible claim for relief." *Twombly*, 550 U.S. at 556; *Harris,* 572 F.3d at 72. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris,* 572 F.3d at 72.

### III. Discussion

#### a. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant seeks to dismiss Plaintiff's second claim of breach of the implied covenant of good faith and fair dealing. New York law recognizes an implied covenant of good faith and fair dealing in every contract. *Cross & Cross Properties Ltd. v. Everett Allied Co.*, 886 F.2d 497, 501-02 (2d Cir. 1989). The covenant "'embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Atmosphere Scis., LLC v. Schneider Advanced Techs., Inc.*, No. 12 Civ. 3223(SAS), 2012 WL 4240759, at *5 (S.D.N.Y. Sept. 19, 2012) (quoting *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002)).

However, "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *Geler v. Nat'l Westminister Bank USA*, 770 F. Supp. 210, 215 (S.D.N.Y. 1991) ("Under New York law, a duty of good faith and fair dealing is implicit in every contract, but breach of that duty is merely a breach of the underlying contract."). "Consequently, a claim that defendant has breached the duty of good faith can only survive a motion to dismiss if it is based on allegations that differ from those underlying an accompanying breach of contract claim."

3

*Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890(TPG), 2014 WL 1303135, at *6 (S.D.N.Y. Mar. 31, 2014); *TVT Records v. Island Def Jam Music Grp.*, 244 F. Supp. 2d 263, 277 (S.D.N.Y. 2003). A claim for the breach of the implied covenant of good faith and fair dealing must also be dismissed where it "seek[s] to recover damages that are intrinsically tied to the damages allegedly resulting from the breach of contract." *ARI & Co., Inc. v. Regent Int'l Corp.*, 273 F. Supp. 2d 518, 523 (S.D.N.Y. 2003) (citation omitted).

    Plaintiff asserts that because the facts giving rise to the two causes of action are distinct, the breach of the implied covenant of good faith and fair dealing is not duplicative of the breach of contract claim. Specifically, Plaintiff argues that it was Travelers' conduct in knowingly delaying and denying the claim without investigation that provides the basis for the second cause of action. Plaintiff states that the breach of contract claim arises solely from the parties' insurance coverage agreement. Plaintiff points to the following facts as supporting its breach of the implied covenant of good faith and fair dealing: (1) Travelers predetermined that it would deny the County's claim; (2) Travelers denied the claim before conducting an investigation; (3) Travelers did not provide a reason for denying Plaintiff's claim for over eighteen months. Plaintiff also asserts that it is seeking $100,000 in consequential damages, separate and apart from the $412,350.41 breach of contract damages to cover the cost of repair. In a similar case, where Plaintiff alleged that "Defendants did everything they could to prevent Plaintiff from filing his claim in a proper and orderly manner, made demands that were impossible to comply with, improperly took paperwork from Plaintiff, imposed unrealistic time demands, failed to cooperate with Plaintiff, falsely accused Plaintiff of forging documents, and treated Plaintiff poorly through the claims process[,]" *Fabrizio v. Erie Ins. Co.*, 2009 WL 427102, at *3 (N.D.N.Y. Feb. 20, 2009), the court nonetheless found that "the crux of Plaintiff's allegations is

'dissatisfaction with defendants' performance of the contractual allegations.'" *Id*. at *4 (quoting *New York Univ.*, 87 N.Y.2d at 315–16). Thus, the court dismissed the plaintiff's breach of the implied covenant of good faith and fair dealing as duplicative of the breach of contract claim. *Id*.

Similar to the circumstances in *Fabrizio*, Plaintiff's breach of the covenant of good faith and fair dealing must be dismissed as duplicative of the breach of contract claims. The facts giving rise to the two claims are the same: that Travelers did not perform its contractual duties as it had agreed to under the insurance policy. The delay and lack of investigation address the same ultimate grievance of failure to comply with the agreement. *See New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 319 (1995) ("Plaintiff alleges in its second cause of action that defendants' actions in failing to adequately investigate, in denying payment of the claim, and in failing to renew the policy after assertion of the claim were 'careless, negligent, reckless and vindictive' and violated the laws of this State. Plaintiff's claim amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing[.]"); *see also R.I. Island House, LLC v. North Town Phase II Houses, Inc.*, 51 A.D.3d 890, 896, 858 N.Y.S.2d 372 (2d Dep't 2008).

Furthermore, the language of the Complaint states, "In handling of the Claims, Travelers has breached its duty of good faith and fair dealing owed to the County by failing to objectively and thoroughly investigate the Claims, by unreasonably delaying the adjustment and payment of the Claims, and by wilfully and in bad faith ignoring the clear language of the Policy's provisions so as to fail to adjust and settle the Claims in a timely and just manner." Compl. ¶ 30. Also, contrary to Plaintiff's opposition brief, Plaintiff does seek consequential damages as a remedy for the breach of contract claim. The consequential damages Plaintiff seeks are inherently tied to the breach of contract claim because they are a result of the alleged failure to

comply with the terms of the policy. Accordingly, Plaintiff's second claim of breach of the covenant of good faith and fair dealing is dismissed.

### b. Attorney's Fees, Costs, and Disbursements as Remedy for Breach of Contract

The Complaint demands judgment including "such other and further relief as to this Court may seem just and proper, together with the costs, disbursements and attorneys' fees of this action." Compl. Ad Damnum Clause 3. Defendant seeks dismissal of Plaintiff's request for attorneys' fees, costs and disbursements, which Plaintiff does not oppose in its opposition brief. "The rule is well settled in this state that the successful party in litigation may not recover attorneys' fees, except where authorized by the parties' agreement, statutory provision or court rule[,]" *Chase Manhattan Bank, N.A. v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*, 258 A.D.2d 1, 4, 690 N.Y.S.2d 570, 572 (1st Dep't 1999). Further, "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *New York Univ.*, 87 N.Y.2d at 324. Courts have dismissed such requests for relief on motions to dismiss. *See, e.g.*, *Ostrolenk Faber LLP v. Unigene Labs., Inc.*, No. 12 Civ. 3991(HB), 2012 WL 3114742, at *3 (S.D.N.Y. Aug. 1, 2012); *see also Singer v. Xipto Inc.*, 10 Civ. 8501, 2012 WL 1071274, at *8 (S.D.N.Y. Mar. 30, 2012); *JPMorgan Chase Bank N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116(PGG), 2009 WL 321222, at *13 (S.D.N.Y. Feb. 9, 2009).

Plaintiff does not allege that the Policy authorizes the recovery of attorneys' fees or that there is a statutory basis for the recovery of such fees. Therefore, although there are exceptions for "unusual and extraordinary" damages arising from a breach of an insurance contract, *see, e.g.*, *Bi-Economy Market, Inc. v. Harleysville Ins. Co.*, 10 N.Y.3d 187, 192-93 (2008), such circumstances are not present here, nor has Plaintiff argued for such an exception to apply.

Accordingly, Defendant's motion to strike the request for attorneys' fees, disbursements and costs is granted.

## IV. Conclusion

Accordingly, Defendant's motion to dismiss is grated in its entirety. Defendant is directed to file an answer within three (3) weeks of the date of this order, or by June 4, 2014. The Clerk of the Court is respectfully requested to terminate this motion, Docket No. 11.

Dated: May 14, 2014
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge